En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Gobierno Municipal Autónomo de Ponce<br>    Demandante–Peticionaria<br><br>        Vs.<br><br>Junta de Planificación<br><br>        Demandada–Recurrida | Certiorari<br><br>98TSPR121 |

Número del Caso: CC-97-737

Abogados Parte Peticionaria:   Lcdo. César A. Hernández Colón
                               Lcdo. Juan González Santiago

Abogada Parte Recurrida:       Lcda. Wanda Ortiz Rivera

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente:          Hon. Negrón Soto
Panel Integrado por:   Hon. Aponte Jiménez
                       Hon. Segarra Olivero

Fecha: 9/11/1998

Materia: Daños y Perjuicios


        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

GOBIERNO MUNICIPAL AUTONOMO
DE PONCE

    Demandante-Peticionario

       Vs.                    CC-97-737        CERTIORARI

JUNTA DE PLANIFICACION DE
PUERTO RICO

    Demandada-Recurrida

PER CURIAM

San Juan, Puerto Rico, a 11 de septiembre de 1998.

I

El 6 de septiembre de 1994, Robles Asphalt (en adelante, la proponente) solicitó a la Oficina de Permisos del Municipio de Ponce (en adelante, el Municipio) la aprobación de una solicitud de desarrollo preliminar para urbanizar sesenta y ocho (68) solares. Los solares aludidos serían segregados de varios predios localizados en el Barrio Coto Laurel, perteneciente a dicho Municipio. El 2 de agosto de 1995, la solicitud referida fue denegada.

La proponente solicitó reconsideración el 7 de agosto de 1995. Como parte de dicha solicitud, la proponente pidió también que se le concediera una

variación de cabida. El Municipio denegó esta reconsideración el 29 de diciembre de 1995. El 16 de enero de 1997, el Municipio enmendó su resolución del 29 de diciembre de 1995, a los únicos efectos de notificarle a la proponente que podía apelar de esta decisión ante el Tribunal de Circuito de Apelaciones.[1]

En lugar de acudir ante dicho foro judicial, el 29 de enero de 1997 la proponente envió una comunicación al Municipio mediante la cual solicitó que se dejara sin efecto su determinación de denegar la solicitud de desarrollo preliminar. Adujo la proponente que a pesar de que había sido ella quien presentó dicha solicitud ante el Municipio, éste carecía de jurisdicción para aprobarla o denegarla; y que la autoridad para ello pertenecía a la Junta de Planificación de Puerto Rico, a la cual pidió intervención en este asunto mediante dicha comunicación.

Asombrosamente, sin notificar al Municipio, sin celebrar vista adjudicativa al respecto y careciendo incluso de una solicitud propia, debidamente fundamentada, la Junta de Planificación acogió el planteamiento de la proponente de que la resolución del Municipio fue dictada sin jurisdicción. Así, el 20 de febrero de 1997, la Junta de Planificación emitió una resolución "anulando" la decisión de la Oficina de Permisos del Municipio Autónomo de Ponce. Decretó que el desarrollo propuesto no estaba dentro de las variaciones de cabida delegadas al Municipio en el Convenio de Transferencias de Competencias entre el Gobierno Central del Estado Libre Asociado de Puerto Rico y el Municipio de Ponce.[2] De esta determinación, el Municipio solicitó reconsideración, la cual fue denegada mediante resolución el 13 de mayo de 1997.

---

[1] En la resolución del 29 de diciembre de 1995, el Municipio erróneamente indicó que se podría apelar de dicha resolución ante la Junta de Apelaciones sobre Construcciones y Lotificaciones. Acorde con ello, la proponente acudió ante dicho organismo, el cual carecía de jurisdicción, el 23 de enero de 1996. Luego, la proponente desistió de esta acción. Por medio de la resolución enmendada de 16 de enero de 1997, el Municipio indicó que se podría apelar ante el Tribunal de Circuito de Apelaciones.

[2] Este convenio fue celebrado entre la Junta de Planificación y el Municipio Autónomo de Ponce el 25 de noviembre de 1992, al amparo de la Ley de Municipios Autónomos, ante. Transfiere ciertas facultades de la Junta de Planificación y de ARPE a este municipio.

Así las cosas, el Municipio acudió en apelación ante el Tribunal de Circuito de Apelaciones. El 11 de septiembre de 1997, el Tribunal de Circuito de Apelaciones emitió una sentencia mediante la cual confirmó el dictamen de la agencia apelada. El 6 de noviembre de 1997, dicho foro denegó la reconsideración. Admitió en la correspondiente resolución que a pesar de que la Junta de Planificación había incurrido en unas deficiencias procesales al hacer su dictamen, éstas habían sido subsanadas por la oportunidad que el Municipio tuvo de litigar su caso ante dicho tribunal apelativo.

Oportunamente, el Municipio presentó solicitud de <u>certiorari</u> ante nos. Hizo los siguientes señalamientos de error:

1. Erró el Honorable Tribunal de Circuito de Apelaciones al confirmar la resolución de la Junta de Planificación que anula la decisión de la Oficina de Permisos del Municipio de Ponce bajo el fundamento que la jurisdicción para considerar la solicitud de autos corresponde a la Junta de Planificación.

2. Erró el Honorable Tribunal de Circuito de Apelaciones al concluir que los procedimientos al nivel de dicho tribunal subsanan la infracción a la Ley de Procedimiento Administrativo Uniforme, a los reglamentos de adjudicación de la Junta de Planificación y al debido procedimiento de ley.

El 27 de febrero de 1998, le concedimos término a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto solicitado y revocar al Tribunal de Circuito de Apelaciones y a la Junta de Planificación, por razón del segundo error señalado en la petición de certiorari. Habiendo comparecido la parte recurrida, estamos en posición de resolver, según lo intimado.


II

Debemos examinar si la Junta de Planificación cumplió con el debido proceso de ley al emitir la decisión en cuestión. En esencia, el recurrente plantea que al no notificársele, ni dársele oportunidad para oponerse a la petición presentada por la proponente, la Junta de

Planificación emitió la resolución en cuestión sin haber seguido los requisitos del debido proceso de ley y de la Ley de Procedimiento Administrativo Uniforme. El error señalado fue cometido. Veamos.

A. La Ley de Municipios Autónomos

La Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. sec. 4001 et seq., provee para que, entre otras cosas, los municipios puedan asumir algunas de las facultades tradicionalmente pertenecientes a la Junta de Planificación y a la Administración de Reglamentos y Permisos. 21 L.P.R.A. sec. 4602.

En el caso de autos, existe una controversia seria entre el Municipio y la Junta de Planificación respecto a si el asunto en cuestión es o no uno de los que le fue delegado al Municipio por el gobierno central del Estado Libre Asociado de Puerto Rico. El Municipio sostiene que la solicitud de desarrollo de la proponente está comprendida dentro de las competencias transferidas a éste por la Junta de Planificación. La Junta de Planificación, por su parte, sostiene que dicha solicitud abarca asuntos que no fueron transferidos al Municipio.

La propia Ley de Municipios Autónomos provee para controversias como la del caso de autos. El Artículo 13.016 de dicha Ley, 21 L.P.R.A. sec. 4614 dispone que la Junta de Planificación tiene jurisdicción para anular determinaciones de los municipios autónomos, que hayan sido tomadas fuera del ámbito de las facultades que el gobierno central les transfirió. En lo pertinente, dicho Artículo dispone:

> El municipio no tendrá facultad para tomar decisión o acción alguna sobre los casos cuya facultad de evaluación se haya mantenido en las agencias públicas aunque el caso haya sido radicado en un municipio. Si el municipio toma alguna decisión o acción en dichos casos, la Junta de Planificación, mediante resolución fundamentada, podrá anular la misma, en cuyo caso el municipio podrá recurrir al Tribunal Superior [ahora el Tribunal de Circuito de Apelaciones] a impugnar la misma teniendo el peso de demostrar que el asunto está enmarcado dentro de sus facultades conforme al convenio y a la ley. (Enfasis suplido.)

Dicho Artículo también especifica que si la Junta de Planificación se propone ejercer su jurisdicción para anular alguna determinación

municipal, <u>la agencia está obligada a regirse
por lo dispuesto en la Ley de Procedimiento
Administrativo Uniforme</u>:

> <u>Estas acciones dentro del marco legal del estatuto
> aplicable, se harán de acuerdo a las disposiciones de las secs.
> 2101 et seq. del Título 3, conocida como "Ley de Procedimiento
> Administrativo Uniforme del Estado Libre Asociado de Puerto
> Rico"</u>. (Énfasis suplido.)

21 L.P.R.A. sec. 4614.

En vista de lo anterior, debemos analizar si la Junta de Planificación tomó la decisión en cuestión, conforme a lo dispuesto en la Ley de Procedimiento Administrativo Uniforme.

## B.  La Ley de Procedimiento Administrativo Uniforme

La Ley de Procedimiento Administrativo Uniforme exige que en los procedimientos adjudicativos, toda agencia cumpla con determinados requisitos, que tienen su origen en conocidos principios del debido proceso de ley.  La sección 3.1 de esta ley, 3 L.P.R.A. sec. 2151, dispone:

> En todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos:

(a)  Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.

(b)  Derecho a presentar evidencia.

(c)  Derecho a una adjudicación imparcial.

(d)  Derecho a que la decisión sea basada en el expediente.

En el caso de autos, la Junta de Planificación claramente incumplió con varios de estos requisitos.  No se <u>notificó</u> al Municipio de que se estaba dilucidando anular una determinación suya.  Además, la resolución de la Junta de Planificación fue tomada <u>sin celebrar la vista correspondiente</u> y sin que el Municipio tuviese <u>la oportunidad de ser oído</u> y de presentar evidencia.  Más aun, la resolución recurrida <u>no está de modo alguno fundamentada</u>, como lo requiere la citada disposición de la Ley de Municipios Autónomos; ni se apoya en expediente administrativo alguno. Lo único que la agencia tuvo ante sí para hacer la decisión en cuestión,

fue la comunicación de la proponente al propio Municipio, mediante la cual ésta le solicitaba que dejase sin efecto su determinación adversa sobre el particular.

Ante el incumplimiento de la Junta de Planificación con las disposiciones referidas de la LPAU, y de la Ley de Municipios Autónomos, que incorporan unas nociones básicas del debido proceso de ley, es claro en Derecho que el dictamen de ésta impugnado ante nos no puede prevalecer. Erró el foro apelativo al confirmar dicho dictamen.

Debe destacarse que el hecho de que el Municipio hubiese tenido la oportunidad de oponerse al dictamen de la Junta de Planificación en su recurso ante el Tribunal de Circuito de Apelaciones de modo alguno puede convalidar a posteriori la resolución recurrida. Después de todo, el propósito de darle la oportunidad de ser oído ante la Junta es que ésta pueda ponderar lo planteado por dicha parte antes de emitir su decisión. La razón que ofrece el foro apelativo sobre "economía procesal", de ningún modo puede prevalecer frente a los crasos defectos procesales incurridos por la Junta de Planificación. Resolver de otro modo sería equivalente a darle carta blanca a los organismos administrativos para que no tengan que cumplir con las leyes que los rigen, y daría lugar a que se multipliquen los casos de revisión judicial de las decisiones de dichos organismos. Ambos son resultados insólitos, que no tienen justificación o razón de ser alguna, y que este Foro no puede tolerar. Debe considerarse, además, que los requisitos procesales aludidos son un medio de asegurar que el organismo administrativo tendrá ante sí todos los elementos de juicio necesarios para poder emitir una decisión adecuada. Obviar tales requisitos, pues, atenta contra la integridad misma del proceso decisional administrativo.

Por los fundamentos expuestos, se dictará sentencia para revocar la del Tribunal de Circuito de Apelaciones y la resolución en cuestión de la Junta de Planificación.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


GOBIERNO MUNICIPAL AUTONOMO
DE PONCE

    Demandante-Peticionario

        Vs.                     CC-97-737       CERTIORARI

JUNTA DE PLANIFICACION DE
PUERTO RICO

    Demandada-Recurrida


SENTENCIA

San Juan, Puerto Rico, a 11 de septiembre de 1998.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente sentencia, se revoca la del Tribunal de Circuito de Apelaciones y la resolución en cuestión de la Junta de Planificación.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Hernández Denton y Corrada del Río concurren sin opinión escrita. El Juez Asociado señor Rebollo López disiente por razón de que la decisión emitida no resuelve el planteamiento central e importante de quién, efectivamente, tenía jurisdicción; planteamiento que puede y debe ser resuelto por el Tribunal.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo